UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| In the matter of the Complaint of VIP OUTDOORS, INC., as owner of the 28' Willie M/V Nemesis, U.S. Coast Guard Official No. OR849AFE, and her engines, equipment, tackle, apparel, appurtenances, etc., for Exoneration from or Limitation of Liability,<br><br>                    Plaintiff,<br><br>   v.<br><br>MARKEL AMERICAN INSURANCE COMPANY, as subrogee of Carolyn Lubenau, THOMAS LUBENAU, CHARLES N. FRELINGER, NATALYA IESE,<br><br>                    Claimants.<br><br>MARKEL AMERICAN INSURANCE COMPANY, as subrogee of Carolyn Lubenau,<br><br>                    Plaintiff,<br><br>   v.<br><br>JEFFREY FRENETTE and PREMIER GUIDE SERVICE, LLC,<br><br>                    Defendants. | CASE NO. 21-5132 RJB<br><br>Consolidated with 21-5253 RJB<br><br>ORDER ON MOTION FOR DEFAULT JUDGMENT AND MOTION TO SET ASIDE THE DEFAULT |

ORDER ON MOTION FOR DEFAULT JUDGMENT AND MOTION TO SET ASIDE THE DEFAULT - 1

THIS MATTER comes before the Court on Markel American Insurance Company's ("Markel") Motion for Default Judgment (Dkt. 24) and Jeffrey Frenette and Premier Guide Service, LLC's ("Premier Guide") Motion to Set Aside Default Order (Dkt. 30), and Markel's Motion to Strike (Dkt. 38). The Court has considered the pleadings filed regarding the motions and the remaining file in both above entitled cases.

These consolidated cases arise from the collision of two vessels on the Columbia River on August 24, 2020. Dkt. 1. The accident occurred between the vessel *Nemesis* and a 2015 Alumaweld vessel. *Id.* Both vessels sank as a result of their collision. *Id.* Jeffrey Frenette is alleged to have been driving the *Nemesis* while out with clients of Premier Guide. *Id.*

On February 22, 2021, a Complaint for Exoneration from or Limitation of Liability was filed by VIP Outdoors, Inc., as owner of the *Nemesis*. *In the matter of the Complaint of VIP OUTDOORS, INC., as owner of the 28' Willie M/V Nemesis, U.S. Coast Guard Official No. OR849AFE, and her engines, equipment, tackle, apparel, appurtenances, etc., for Exoneration from or Limitation of Liability,* Western District of Washington case number 21-5132 ("*VIP*"). On February 24, 2021, an Order of Injunction and Monition and Approval of Stipulation for Value and Costs and Letter of Undertaking was entered. *VIP*, Dkt. 4. That order provided, part,

> That the continued prosecution of any and all suits, actions or proceedings which may already have begun against Plaintiff in Limitation in any court whatsoever to recover damages arising out of, or occasioned by, or consequent upon the aforesaid voyage or trip on which the incident occurred on or about August 24, 2020, and institution or prosecution of any suits, actions or legal proceedings of any nature whatsoever in any court wheresoever, except in this proceeding for exoneration from or limitation of liability, against the Vessel and/or Plaintiff in Limitation, in respect of any claim or claims arising out of the aforesaid voyage or trip on which the Vessel were then engaged, or otherwise subject to limitation proceeding, be and the same are hereby stayed and restrained . . .

*VIP,* Dkt. 4, at 3.

ORDER ON MOTION FOR DEFAULT JUDGMENT AND MOTION TO SET ASIDE THE DEFAULT - 2

On April 7, 2021, a complaint was filed against Jeffrey Frenette and Premier Guide in *Markel American Insurance v. Jeffrey Frenette and Premier Guide Service, LLC,* Western District of Washington case number 21-5253 ("*Insurance Subrogation Action*"), Dkt. 1. Markel, the plaintiff, is alleged to have provided the insurance policy for the 2015 Alumaweld vessel involved in the collision. *Id.* Markel alleges that it has made paid policy benefits as a result of the collision. *Id.*

On April 13, 2021, Frenette and Premier Guide's lawyer contacted Markel's lawyer to advise him of receipt of the Complaint. *Insurance Subrogation Action,* Dkt. 31. On April 14, 2021, Frenette tendered defense of the lawsuit to his insurance companies. *Id.* That same day, the Court issued an order to show cause in both cases why *VIP* and the *Insurance Subrogation Action* should not be consolidated. *Insurance Subrogation Action,* Dkt. 8. Frenette and Premier Guide's lawyer contacted Markel's lawyer and let him know that he could "represent to the court [Frenette and Premier Guide's] agreement to consolidate." *Id.,* Dkt. 31.

On April 22, 2021, Markel responded to the order to show cause, agreeing the cases should be consolidated. *Insurance Subrogation Action*, Dkt. 9. Rather than being candid with the Court, it did not mention that Frenette and Premier Guide had also agreed that consolidation was appropriate. *Id.* (Responses to the order to show cause were originally due on April 23, 2021; the deadline was reset to May 14, 2021, in part because the time for Frenette and Premier Guide to respond to the complaint had not lapsed. *Insurance Subrogation Action*, Dkts. 8 and 12.)

Frenette and Premier Guide's lawyer explains what happened at that point:

> When the Exoneration was reviewed, our office read Dkt. 4 [in *VIP*] as enjoining and staying any related suits, actions or proceedings, including the institution or prosecution of those suits. This included the [*Insurance Subrogation Action*]. The Court asked for cause as to why the two matters should not be consolidated, and we agreed, having already advised counsel of the agreement. Our office was

ORDER ON MOTION FOR DEFAULT JUDGMENT AND MOTION TO SET ASIDE THE DEFAULT - 3

> waiting on both indemnification from the insurance carriers as well as the consolidation to file an Answer for Defendants.
>
> Our office had tentatively docketed an Answer date of May 3, 2021. That calendar entry was mistaken as a deadline to file a claim in the Exoneration, for which Mr. Frenette is not making a claim, as the original matter was believed to be on hold. As the matters were not yet consolidated, an Answer was not filed for Defendants.

*Insurance Subrogation Action,* Dkt. 31.

On May 5, 2021, Markel filed a motion for default against Frenette and Premier Guide. *Insurance Subrogation Action*, Dkt. 13. On May 17, 2021, the clerk entered default against Defendants Jeffrey Frenette and Premier Guide. *Insurance Subrogation Action*, Dkt. 14.

On May 17, 2021, the *Insurance Subrogation Action* was consolidated with *VIP*. *VIP,* Dkt. 23. Future filings for both cases were ordered to be in *VIP*. *Id.*

On May 19, 2021, Markel filed the instant motion for default judgment against Frenette and Premier Guide. *VIP,* Dkt. 24. The evening of May 19, 2021, Frenette and Premier Guide filed an Answer and Affirmative Defenses. *VIP,* Dkt. 27. On June 2, 2021, Frenette and Premier Guide filed the motion to set aside default order. *VIP,* Dkt. 30. Markel responded (*VIP,* Dkt. 33), Frenette and Premier Guide filed a reply (*VIP,* Dkt. 37) and Markel filed a surreply and motion to strike (*VIP,* Dkt. 38).

**Markel's Motion to Strike (*VIP,* Dkt. 38)**. Markel moves to strike Frenette and Premier Guide's reply (*VIP,* Dkt. 37) arguing that it contains new arguments which were not raised in their opening brief. *VIP,* Dkt. 38. Markel's motion to strike Frenette and Premier Guide's reply (*VIP,* Dkt. 38) should be denied, in part and granted, in part. Contrary to Markel's assertions, the reply did not contain entirely new argument. To the extent that it contained new grounds to set aside the default, it was not considered.

ORDER ON MOTION FOR DEFAULT JUDGMENT AND MOTION TO SET ASIDE THE DEFAULT - 4

**Frenette and Premier Guide's Motion to Set Aside Default Order (*VIP,* Dkt. 30)**. Pursuant to Fed R. Civ. P. 55(c), the "court may set aside an entry of default for good cause." "To determine good cause, a court must consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010)(*internal quotation marks and citations omitted*). "[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Id.*

Frenette and Premier Guide's Motion to Set Aside Default Order (*VIP,* Dkt. 30) should be granted. Frenette and Premier Guide sufficiently showed that they did not engage in "culpable conduct that led to the default." Further, they raise defenses in their Answer, including "fault of others," "failure to mitigate," defenses related to policy coverage and failure to state a claim. *Insurance Subrogation Action,* at 16. At this stage in the litigation, it cannot be said that Frenette and Premier Guide have "no meritorious defense." Moreover, reopening the default order would not prejudice Markel. This litigation has just begun. Markel's lawyer was aware that Frenette and Premier Guide were actively working on the case. Markel's lawyer's decision to continue with the motion for default judgment resulted in nothing more than additional expense for the parties and a drain on judicial resources. This case does not represent an "extreme circumstance" where judgment by default is appropriate. This case should be decided on the merits. The May 17, 2021 order entitled, "Default Entry," (*Insurance Subrogation Action,* at 14) should be set aside.

**Markel's Motion for Default Judgment (*VIP,* Dkt. 24)**. Markel's Motion for Default Judgment (*VIP,* Dkt. 24) should be denied. By this order, default has been set aside.

ORDER ON MOTION FOR DEFAULT JUDGMENT AND MOTION TO SET ASIDE THE DEFAULT - 5

**IT IS ORDERED THAT:**

- Markel's motion to strike Frenette and Premier Guide's reply (*VIP,* Dkt. 38) **IS DENIED, IN PART, AND GRANTED, IN PART**, as provided above;
- Frenette and Premier Guide's Motion to Set Aside Default Order (*VIP,* Dkt. 30) **IS GRANTED;**
    - The May 17, 2021 order entitled, "Default Entry," (filed in *Markel American Insurance v. Jeffrey Frenette and Premier Guide Service, LLC,* Western District of Washington case number 21-5253, at 14) **IS SET ASIDE**;
- Markel's Motion for Default Judgment (*VIP,* Dkt. 24) **IS DENIED.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 22nd day of June, 2021.

ROBERT J. BRYAN
United States District Judge